IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN PAUL GARMAN,<br><br>     Plaintiff,<br><br>v.<br><br>SGT. GEHMEN et al.,<br><br>     Defendants. | **MEMORANDUM DECISION<br>& ORDER TO CURE<br>DEFICIENT COMPLAINT**<br><br><br> Case No. 2:19-CV-632-DAK<br><br> District Judge Dale A. Kimball |

   Plaintiff's state-court complaint was removed to this Court, as his claims appear to be properly construed under 42 U.S.C.S. § 1983 (2020).[1] Having now screened the Complaint, (ECF No. 2-2), under its statutory review function,[2] the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

_____

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2020).

[2] The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2020).

**COMPLAINT'S DEFICIENCIES**

Complaint:

(a) is not on the form complaint required by Court.

(b) does not affirmatively link Defendants to allegations of civil-rights violation. (See below.)

(c) alleges possible constitutional violations resulting in type of injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2020), which reads, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

(d) shows confusion about how to state claim of failure to protect. (See below.)

(e) possibly needs clarification regarding unnecessary-rigor cause of action under Utah Constitution. (See below.)

(f) does not appear to state proper legal-access claim. (See below.)

(g) names some possible defendants only in text, not in Complaint's heading.

(h) does not specify names or detailed descriptions, along with exact titles, of John Doe defendants.

(i) possibly inappropriately alleges constitutional right to grievance process. *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished) ("[T]here is no independent constitutional right to state administrative grievance procedures. Nor does the state's voluntary provision of administrative grievance process create a liberty interest in that process.").

(j) has claims apparently regarding current confinement; however, complaint apparently not drafted with contract attorneys' help.

**GUIDANCE FOR PLAINTIFF**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of

2

what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[3]

(ii) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d

---

[3] The rule on amending a pleading reads:
        (a) Amendments Before Trial.
                (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
                        (A) 21 days after serving it, or
                        (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
                (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15.

1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(iii) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(iv) Plaintiff may not name an individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(v) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vi) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2019). However, Plaintiff need

not include grievance details in his complaint. Exhaustion of administrative remedies is an

affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

### • Affirmative Link

> [A] plaintiff who brings a constitutional claim under § 1983 can't
> obtain relief without first satisfying the personal-participation
> requirement. That is, the plaintiff must demonstrate the defendant
> "personally participated in the alleged constitutional violation" at
> issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018).
> Indeed, because § 1983 is a "vehicle[] for imposing personal
> liability on government officials, we have stressed the need for
> careful attention to particulars, especially in lawsuits involving
> multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th
> Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250
> (10th Cir. 2008) (explaining that when plaintiff brings §
> 1983 claims against multiple defendants, "it is particularly
> important . . . that the complaint make clear exactly *who* is alleged
> to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*,
> 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's
> analysis of plaintiff's § 1983 claims was "infirm" where district
> court "lump[ed]" together plaintiff's claims against multiple
> defendants--"despite the fact that each of the defendants had
> different powers and duties and took different actions with respect
> to [plaintiff]"--and "wholly failed to identify specific actions taken
> by particular defendants that could form the basis of [a
> constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."

*Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the

personal-participation requirement will not only justify dismissal for failure to state a claim; it

will render the plaintiff's claim frivolous." *Id*.

### • Failure to Protect

Plaintiff should consider the following information as he considers an amended

complaint:

"A prison official's deliberate indifference to a substantial
risk of serious harm to an inmate violates the Eighth Amendment."
*Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (internal quotation
marks omitted). These claims include both an objective and a
subjective component. *Estate of Booker v. Gomez*, 745 F.3d 429,
430 (10th Cir. 2014) (internal quotation marks omitted) (medical
needs); *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir.
1996) (failure to protect).

. . . .

For the objective component of a failure-to-protect claim,
the prisoner "must show that he is incarcerated under conditions
posing a substantial risk of serious harm." *Riddle*, 83 F.3d at
1204 (internal quotation marks omitted). "A prisoner has a right to
be reasonably protected from constant threats of violence . . . from
other inmates." *Id.* (internal quotation marks omitted).

For the subjective component . . ., the prisoner must present
"evidence of the prison official's culpable state of mind. He must
show that the prison official acted or failed to act despite his
knowledge of a substantial risk of serious harm." *Estate of Booker*,
745 F.3d at 430 (citation and internal quotation marks omitted)
(medical needs); *see Riddle*, 83 F.3d at 1204 (failure to protect).
"[T]he official must have been both aware of facts from which the
inference could be drawn that a substantial risk of serious harm
exists, and he must have also drawn the inference." *Requena v.
Roberts*, 893 F.3d 1195, 1215 (10th Cir. 2018) (brackets, ellipsis,
and internal quotation marks omitted).

In addition to the objective and subjective components of
these Eighth Amendment claims, a § 1983 "plaintiff must show the
defendant personally participated in the alleged violation, and
conclusory allegations are not sufficient to state a constitutional
violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996)
(citation omitted).

*Gray v. Sorrels*, 744 F. App'x 563, 568 (10th Cir. 2018) (unpublished).

### • Unnecessary Rigor

Article I, § 9 of the Utah Constitution states in part, "[p]ersons
arrested or imprisoned shall not be treated with unnecessary rigor."
Although this clause "closely approximates the language of
the Eighth Amendment," it has no federal counterpart. *Dexter v.
Bosko*, 2008 UT 29, 184 P.3d 592, 595. The Utah Supreme Court
has had "few opportunities to interpret or apply the unnecessary
rigor." *Id.* Nonetheless, the Utah Supreme Court has held that the

unnecessary rigor clause "'protects [prisoners and arrestees] against
unnecessary abuse . . . that is 'needlessly harsh, degrading or
dehumanizing.'" *Id. at 595* (quoting *Bott v. Deland*, 922 P.2d 732,
737 (Utah 1996)). To state a claim for a violation of the
unnecessary rigor clause, the violation "'must arise from 'treatment
that is clearly excessive or deficient and unjustified, not merely the
frustrations, inconveniences, and irritations that are common to
prison life.'" *Id*. at 597 (quoting *Bott*, 922 P.2d at 741). When the
claim of unnecessary rigor arises from an injury, a constitutional
violation is made out only when the act complained of presented a
substantial risk of serious injury for which there was no reasonable
justification at the time. *Id*. (quoting *Bott*, 922 P.2d at 741). The
conduct at issue, moreover, "must be more than negligent to be
actionable." *Id.*

In addition to these requirements, a plaintiff must also establish
three elements to support an unnecessary rigor claim: (1) "A
flagrant violation of his or her constitutional rights;" (2) "Existing
remedies do not redress his or her injuries;" and, (3) "Equitable
relief, such as an injunction, was and is wholly inadequate to
protect the plaintiff's rights or redress his or her injuries." *Id*. at
597-98 (quoting *Spackman v. Bd. of Educ*., 2000 UT 87, 16 P.3d
533, 538-39 (Utah 2000)).

. . . [However, Plaintiff's] § 1983 claims likely serve as existing
remedies that redress his injuries[, mooting the need to also bring
an unnecessary rigor claim]."

*Asay v. Daggett County*, No. 2:18-CV-422, 2019 U.S. Dist. LEXIS 5794, at * (D. Utah Jan. 11,

2019).

### • **Legal Access**

The Court notes that Plaintiff's claim(s) may involve legal access. As Plaintiff fashions

the amended complaint, Plaintiff should keep in mind that it is well-recognized that prison

inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts

and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v.*

*Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the

Supreme Court expounded on the obligation to provide legal access by stating "the fundamental

constitutional right of access to the courts requires prison authorities to assist inmates in the

preparation and filing of meaningful legal papers by providing prisoners with adequate law

libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted &

emphasis added).

However, to successfully assert a constitutional claim for denial of access to courts, a

plaintiff must allege not only inadequacy of the library or legal assistance provided but also "that

the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim."

*Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54

F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show that "denial or delay of

access to the court prejudiced h[er] in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194

(10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil

rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*,

518 U.S. 343, 353-55 (1996).

## MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to ask *pro bono* counsel to

represent Plaintiff. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d

613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S.

§ 1915(e)(1) (2018); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.

1991). Plaintiff bears the burden of convincing the Court that Plaintiff's claim has enough merit

to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

In deciding whether to ask counsel to represent Plaintiff free of charge, this Court considers a variety of factors, like "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

## ORDER

**IT IS HEREBY ORDERED** that:

**(1)** Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document.

**(2)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if he wishes to pursue another amended complaint.

**(3)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(4)** Plaintiff shall not try to serve the amended complaint on Defendants; instead the Court will perform its screening function and determine itself whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2020) ("The

officers of the court shall issue and serve all process, and perform all duties in [*in forma*

*pauperis*] cases.").[4]

**(5)** Plaintiff's motions to return this case to state court are **DENIED**. (ECF Nos. 5 & 8.) Along

with his claims under the Federal Constitution, Plaintiff may also state claims under state law in

his complaint. *See* 28 U.S.C.S. § 1367(a) (2020).[5]

**(6)** Plaintiff's motion for appointed counsel is **DENIED**, (*see* ECF No. 7); however, if, after the

case develops further, it appears that counsel may be needed or of specific help, the Court will

ask an attorney to appear pro bono on Plaintiff's behalf.

---

[4] Though Defendant paid the filing fee in this case at the time of removal, Plaintiff had asked to proceed *in forma pauperis* when originally filing in state court.

[5] State-law claims may be brought in federal court under the following statute regarding supplemental jurisdiction:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> . . . .
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
> (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C.S. § 1367 (2020).

**(7)** Plaintiff's Motion to Move Forward with Martinez Report is **DENIED**. (ECF No. 9.) There is

no valid complaint on file as of this Order. The Court will screen any amended complaint and

decide on its own at that time whether a *Martinez* report is warranted.

DATED this 21st day of April, 2020.

BY THE COURT:

JUDGE DALE A. KIMBALL
United States District Court